[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STATE OF CONNECTICUT v. DIEDRE HAIRSTON.
 DATE OF SENTENCE: 20 APRIL 1999 DATE OF APPLICATION: 3 MAY 1999 DATE OF APPLICATION FILED: (NOT DATED) DATE OF DECISION: 28 MAY 2002
Application for review of sentence imposed by the Superior Court, Judicial District of Stamford at Stamford.
Docket Number CR97-120276.
Sarah F. Simmons, Esq. For the Petitioner.
Steve Weiss, Esq. For the State of Connecticut.
SENTENCE AFFIRMED
 BY THE DIVISION
The Petitioner plead guilty to Larceny First Degree in violation of CT Page 8135 Conn. General Statute 53a-122. She received a sentence of eight years, execution suspended after serving six years with five years probation.
The record shows that on August 6, 1997, Darien Police received a phone call from a female victim who reported that there had been an unauthorized use of funds from her checking account. Smith Barney had notified the victim that Hairston had attempted to deposit a $5,000 check of the victim's into Petitioner's account at a local Citibank. Citibank was suspicious of the signature.
The victim suffers from multiple sclerosis and signs all her checks `MMM'. The Petitioner was employed to provide her with home health care. The Petitioner had access to her checking account to assist her in the monthly bill paying, but she did not have authority to sign the checks.
Hairston admitted to cashing several checks totaling approximately $5,000 over a three month period, and that it was without the victim's permission. She turned herself in on September 5, 1997 when she learned there was a warrant against her and she was charged with sixteen counts of Larceny First and Forgery Third. She stole approximately $18,905.
At the hearing counsel for the Petitioner claimed that the sentenced imposed was disproportionate and should be reduced to time served. It was counsel's allegation that the court did not have the proper information before it and that it sentenced on misinformation. Some of the prior arrest record dispositions were not complete and she felt the court thought the Petitioner had a longer record than she actually had. Counsel felt that the amount the court was told that was stolen was inaccurate.
The attorney for the state pointed out that the Petitioner plead guilty to a twenty year felony with a cap of eight years. Noting that the Petitioner was in a position of trust as a home health care worker to the victim who suffered from disabling multiple sclerosis. He felt the Petitioner took extreme and unfair advantage of the victim. Couple this with the larceny and forgery record of the Petitioner, he urged affirmance by the panel.
This panel's authority is limited to review of the sentence, to value whether it is inappropriate or disproportionate for the nature of the offense, the character of the petitioner, the protection of the public interest, and the deterrent, rehabilitative, isolative, and denunciatory purpose for which it was imposed.
In reviewing the record as a whole, the division finds that the sentence imposed with in accordance with the parameters of Connecticut Practice Book § 43-28 et seq., and Connecticut General Statute § CT Page 813651-94 et seq.
In reviewing the remarks of the sentencing court we find that the victim placed heavy emphasis on the actual loss of monetary funds and the loss of trust. The court noted that the illness the victim was afflicted with was worsened by stress and that the victim could never be made whole. We, as the sentencing court are awestruck at the cruelty of the crime which is compounded by the fact that the Petitioner had a history of this type of larceny from which probation had no effect.
THE SENTENCE IS AFFIRMED.
Norko, J.
Klaczak, J.
Miano, J.
Norko, J., Klaczak, J. and Miano, J. participated in this decision.